IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

**vs.**                                    **Case No: 3:91cr3067/RV**
                                           **3:09cv327/RV/MD**

**HIAWATHA TIBBS**

---

## REPORT AND RECOMMENDATION

This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 352). This motion was not filed on the prescribed form in accordance with Rule 5.1(J) of the Local Rules for the Northern District of Florida. However, defendant will not be required to amend, as amendment would be futile. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, it is the opinion of the undersigned that the motion is untimely and successive, and that it should be summarily dismissed.

Defendant was convicted of controlled substance offenses, and on April 8, 1992 he was sentenced to a term of 300 months incarceration. His convictions and sentence were affirmed on appeal. The defendant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on September 27, 1996 (doc. 58). The motion was granted (doc. 63 & 66) and defendant was resentenced in June of 1998. (Doc. 76 &

77). **After his resentencing, on August 11, 2000 defendant filed a motion to vacate (doc. 99) which was denied on October 31, 2000 (Doc. 106 & 108). Defendant immediately filed another motion to vacate on November 13, 2000 (doc. 109) and this motion was denied on December 20, 2000. (Doc. 110 & 113). Defendant filed a habeas petition under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Florida. That court construed defendant's petition as a motion under § 2255 and transferred the petition/motion to this court on January 8, 2001 (doc. 114). It was denied on February 7, 2001 as successive, abusive, and untimely (doc. 115,117 & 119). Defendant's appeal was dismissed for want of prosecution on July 5, 2001. (Doc. 151). The Eleventh Circuit denied defendant's applications for leave to file a second or successive motion to vacate on February 4 & 12, 2002 (doc. 170 & 171). Defendant filed yet another motion to vacate on April 10, 2002. (Doc. 172). This motion was also denied as untimely, successive, and abusive. (Doc. 174 & 177). Defendant's request for a certificate of appealability was denied and his appeal was dismissed. (Doc. 202). Defendant has also filed numerous other motions in an attempt to challenge his convictions and/or sentence including a motion to relate back (doc. 204), motion for relief from judgment or order (doc. 236), motion for reconsideration (doc. 237), motion to correct clerical mistake or oversight (doc. 266), motion for retroactive application of sentencing guidelines (doc. 299), all of which were denied, as well as motions for reconsideration and appeals.**

**The instant motion was filed on August 3, 2009. (Doc. 319). Defendant again seeks to raise issues related to his 1998 resentencing. Defendant's motion must be denied, first because it is unquestionably untimely filed under the requirements set forth within § 2255.** *See Kauffman v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002). **Additionally, it is defendant's sixth motion to vacate since he was initially sentenced and his fifth since he was resentenced. The record does not reflect that he has either sought or obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion.** *See, In re Joshua*, 224 F. 3d 1281,

1283 (11th Cir. 2000). Without authorization from the Eleventh Circuit Court of Appeals, this court lacks jurisdiction to review the defendants' successive motion. 28 U.S.C. §§ 2244(b)(3); 2255. *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 352) be DISMISSED as untimely and successive.

At Pensacola, Florida, this 7th day of August, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).