**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**HIAWATHA TIBBS**

vs.                                       **Case No: 3:91cr03067/LAC
3:09cv331/LAC/MD**

**UNITED STATES OF AMERICA**

## REPORT AND RECOMMENDATION

**Defendant has filed a handwritten pleading entitled "emergency motion to vacate, set aside, or correct petitioner's sentence in accordance with the Fair Sentencing Act of 2010." (Doc. 347). Ordinarily, defendant would be required to file his § 2255 motion on the proper form to comply with the Local Rules. However, requiring him to do this would be futile, as his motion is subject to summary dismissal. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." The § 2255 motion is both untimely and successive, and it should be summarily dismissed.**

**Hiawatha Tibbs was convicted of controlled substance offenses, and on April 8, 1992 he was sentenced to a term of 300 months incarceration. His convictions and sentence were affirmed on appeal. Tibbs filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on September 27, 1996 (doc. 58). The motion was**

granted (doc. 63 & 66) and Tibbs was resentenced in June of 1998. (Doc. 76 & 77). After his resentencing, on August 11, 2000 defendant Tibbs filed a motion to vacate (doc. 99) which was denied on October 31, 2000 (Doc. 106 & 108). Defendant immediately filed another motion to vacate on November 13, 2000 (doc. 109) and this motion was denied on December 20, 2000. (Doc. 110 & 113). Defendant filed a habeas petition under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Florida. That court construed defendant's petition as a motion under § 2255 and transferred the petition/motion to this court on January 8, 2001 (doc. 114). It was denied on February 7, 2001 as successive, abusive, and untimely (doc. 115, 117 & 119). Defendant's appeal was dismissed for want of prosecution on July 5, 2001. (Doc. 151). The Eleventh Circuit denied defendant's applications for leave to file a second or successive motion to vacate on February 4 & 12, 2002 (doc. 170 & 171). Defendant filed yet another motion to vacate on April 10, 2002. (Doc. 172). This motion was also denied as untimely, successive, and abusive. (Doc. 174 & 177). Defendant's request for a certificate of appealability was denied and his appeal was dismissed. (Doc. 202). Defendant has also filed numerous other motions in an attempt to challenge his convictions and/or sentence including a motion to relate back (doc. 204), motion for relief from judgment or order (doc. 236), motion for reconsideration (doc. 237), motion to correct clerical mistake or oversight (doc. 266), motion for retroactive application of sentencing guidelines (doc. 299), all of which were denied, as were motions for reconsideration and appeals.

Defendant filed a § 2255 motion on August 3, 2009 in which he again sought to raise issues related to his 1998 resentencing. (Doc. 319). This court recommended that the motion be denied because it was unquestionably untimely filed under the requirements set forth within § 2255, *Kauffman v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002), and because it was a successive motion filed without leave of the appellate court to do so. *In re Joshua*, 224 F. 3d 1281, 1283 (11th Cir. 2000). (Doc. 320). Defendant filed another § 2255 motion, his seventh motion to

vacate since he was initially sentenced and his sixth since he was resentenced. (Doc. 322). This motion was denied as untimely and successive. (Doc. 323 & 327). Defendant appealed, and his request for a certificate of appealability was denied. (Doc. 336).

The instant "emergency" § 2255 motion was received on October 28, 2010. As with the previous motions, the record does not reflect that defendant has either sought or obtained authorization from the Eleventh Circuit Court of Appeals to file a second or successive motion. *See, In re Joshua*, 224 F. 3d at 1283. The fact that defendant contends he relies on a "change in the law" is immaterial. Without authorization from the Eleventh Circuit Court of Appeals, this court lacks jurisdiction to review the defendant's successive motion. 28 U.S.C. §§ 2244(b)(3); 2255. *Felker v. Turpin,* 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996); *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).

Based on the foregoing, it is respectfully RECOMMENDED:

The emergency motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 347) be DISMISSED as untimely and successive.

At Pensacola, Florida, 1st day of November, 2010.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; Local Rule 27(B); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).