# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**UNITED STATES OF AMERICA**

v.                                           **Case No. 3:91cr3067/LC/CJK**
                                                                 3:12cv304LAC/CJK

**HIAWATHA TIBBS,**
    **Defendant.**
_____

## REPORT AND RECOMMENDATION

       This matter is before the court upon defendant's motion to vacate, set aside, or correct sentence (doc. 397), filed pursuant to 28 U.S.C. § 2255. The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636, and NORTHERN DISTRICT OF FLORIDA LOCAL RULES 72.2(B). Having conducted a careful review of the record and the arguments presented, the undersigned concludes that the motion be dismissed as untimely and successive.

       To comply with LOCAL RULE 5.1(j), defendant would normally be required to file the motion to vacate on the proper form, which he did not do. In this instance, however, such a requirement would be futile because defendant's motion is subject to summary dismissal. Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part: "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." After a review of the record, the Court concludes that defendant's motion is both untimely and successive, and should therefore be

summarily dismissed.

    Defendant, Hiawatha Tibbs, was convicted of controlled substance offenses, and on April 8, 1992, was sentenced to 300 months' incarceration. Defendant's convictions and sentence were affirmed on appeal. (Doc. 44). He filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on December 14, 1993. (Doc. 46). He filed a second motion to vacate on September 27, 1996. (Doc. 58). Defendant's initial motion was granted, and defendant was re-sentenced in June 1998. (Docs. 63, 66, 76, 77). After his re-sentencing, Mr. Tibbs filed another motion to vacate on August 11, 2000. (Doc. 99). This motion was denied on October 31, 2000. (Docs. 106, 108). Two weeks later defendant filed another motion to vacate, which was denied on December 20, 2000. (Docs. 110, 113). Defendant then filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Florida. That court construed Mr. Tibbs' petition as a motion under § 2255 and transferred the motion to this court on January 8, 2001. (Doc. 114). The motion was subsequently denied in February 2001 as untimely, successive, and abusive. (Docs. 115, 117, 119). Defendant's appeal was dismissed for want of prosecution on July 5, 2001. (Doc. 151). In February 2002, the Eleventh Circuit denied defendant's applications for leave to file a second or successive motion to vacate. (Docs. 170, 171). On April 10, 2002, however, Mr. Tibbs filed another motion to vacate, which was later denied as untimely, successive, and abusive. (Docs. 172, 174, 177). Defendant's request for a certificate of appealability was denied and his appeal was dismissed. (Doc. 202). Defendant then filed numerous other motions in an attempt to challenge his convictions and/or sentence, including a motion to relate back (doc. 204), motion for relief from judgment or order (doc. 236), motion for reconsideration (doc. 237), motion to correct clerical mistake or

oversight (doc. 266), and motion for retroactive application of sentencing guidelines (doc. 299), all of which were denied, as well as motions for reconsideration and appeals.

Defendant yet again filed two § 2255 motions in August 2009, both of which were dismissed as untimely and successive. (Docs. 319, 322, 327, 330). On January 25, 2010, defendant filed both a notice of appeal, and a motion for certificate of appealability. (Docs. 332, 333). His request for a certificate of appealability was denied on January 26, 2010. When Mr. Tibbs' notice of appeal was dismissed on March 22, 2010, defendant later filed a motion to recall mandate in August 2010, which was subsequently denied. (Docs. 343, 345). On October 28, 2010, he filed an "emergency" motion to vacate under § 2255, which this court dismissed on November 18, 2010. (Docs. 347, 350). Motions for reconsideration and certificate of appealability were denied, as were later motions to void judgment, relate back, and for summary judgment. (Docs. 356, 360, 366, 367, 369). Defendant's motion for leave to appeal *in forma pauperis* was denied on November 21, 2011, (docs. 371, 374), as was a later motion to appoint counsel on December 8, 2011. (Doc. 382). Various motions for reconsideration or appeal were also denied. (Docs. 388, 391). A motion to receive *Castro* warning was denied on January 24, 2012. (Doc. 394).

Defendant's current motion would be his tenth motion to vacate since he was initially sentenced. He again seeks to raise issues related to his 1998 re-sentencing. (Doc. 397). Defendant's motion must be denied because it was untimely filed under the requirements set forth in § 2255. *See Kauffman v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002). Additionally, the record does not reflect that he has either sought or obtained authorization from the Eleventh Circuit to file a second or

successive motion. *See In re Joshua*, 224 F.3d 1281, 1283 (11th Cir. 2000). Without authorization from the Eleventh Circuit Court of Appeals, this court lacks jurisdiction to review the defendant's successive motion. 28 U.S.C. §§ 2244(b)(3), 2255; *Felker v. Turpin*, 518 U.S. 651 (1996); *In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).

It is therefore respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (doc. 397) be DISMISSED as untimely and successive.

At Pensacola, Florida, this 24th day of July, 2012.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).