UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case No.   3:91cr3067/LC/CJK
               3:14cv612/LC/CJK

HIAWATHA TIBBS,

_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence (doc. 450), filed pursuant to 28 U.S.C. § 2255.  Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."  After a review of the record, it is the opinion of the undersigned that the court does not have  jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.[1]

Defendant, Hiawatha Tibbs, was convicted of controlled substance offenses, and on April 8, 1992, was sentenced to 300 months' incarceration.  Defendant's

---

[1] Defendant's motion is not on the appropriate court form as required by Northen District of Florida Local Rule 5.1(J)(2).  If summary dismissal were not warranted in this case, the court would require Defendant to file an amended motion on the court form before his case could proceed.

convictions and sentence were affirmed on appeal. (Doc. 44). He filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on December 14, 1993. (Doc. 46). He filed a second motion to vacate on September 27, 1996. (Doc. 58). Defendant's initial motion was granted, and defendant was re-sentenced in June 1998. (Docs. 63, 66, 76, 77). After his re-sentencing, Mr. Tibbs filed another motion to vacate on August 11, 2000. (Doc. 99). This motion was denied on October 31, 2000. (Docs. 106, 108). Two weeks later defendant filed another motion to vacate, which was denied on December 20, 2000. (Docs. 110, 113). Defendant then filed a habeas corpus petition under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Florida. That court construed Mr. Tibbs' petition as a motion to vacate under § 2255 and transferred the motion to this court on January 8, 2001. (Doc. 114). The motion was subsequently denied in February 2001 as untimely, successive, and abusive. (Docs. 115, 117, 119). Defendant's appeal was dismissed for want of prosecution on July 5, 2001. (Doc. 151). In February 2002, the Eleventh Circuit denied defendant's applications for leave to file a second or successive motion to vacate. (Docs. 170, 171). On April 10, 2002, however, Mr. Tibbs filed another motion to vacate, which was later denied as untimely, successive, and abusive. (Docs. 172, 174, 177). Defendant's request for a certificate of appealability was denied and his appeal was dismissed. (Doc. 202). Defendant then filed numerous other motions in an attempt to challenge his convictions and/or sentence, including a motion to relate back (doc. 204), motion for relief from judgment or order (doc. 236), motion for reconsideration (doc. 237), motion to correct clerical mistake or oversight (doc. 266), and motion for retroactive application of sentencing guidelines (doc. 299), all of which were denied, as well as motions for reconsideration and appeals.

Case No: 3:91cr3067/LC/CJK; 3:14cv612/LAC/CJK

Defendant yet again filed two § 2255 motions in August 2009, both of which were dismissed as untimely and successive. (Docs. 319, 322, 327, 330). On January 25, 2010, Defendant filed both a notice of appeal, and a motion for certificate of appealability. (Docs. 332, 333). His request for a certificate of appealability was denied on January 26, 2010. When Mr. Tibbs' notice of appeal was dismissed on March 22, 2010, he later filed a motion to recall mandate in August 2010, which was subsequently denied. (Docs. 343, 345). On October 28, 2010, he filed an "emergency" motion to vacate under § 2255, which this court dismissed on November 18, 2010. (Docs. 347, 350). Motions for reconsideration and certificate of appealability were denied, as were later motions to void judgment, relate back, and for summary judgment. (Docs. 356, 360, 366, 367, 369). Defendant's motion for leave to appeal *in forma pauperis* was denied on November 21, 2011, (docs. 371, 374), as was a later motion to appoint counsel on December 8, 2011. (Doc. 382). Various motions for reconsideration or appeal were also denied. (Docs. 388, 391). A motion to receive *Castro* warning was denied on January 24, 2012. (Doc. 394).

Defendant filed his ninth motion to vacate in June of 2012 (doc. 397), and this motion was also denied (docs. 400, 403), as were his petition to amend, motion for separate judgment, motion for clarifying reasons, motion for equitable tolling, motion regarding factual innocence of state court offenses, and motion to challenge career offender enhancement. (Docs. 405–408, 411, 412, 429–431, 434, 439, 441). The Eleventh Circuit refused a Certificate of Appealability. (Doc. 428).

Defendant has now filed his tenth motion to vacate since he was initially sentenced. (Doc. 450). Although his claims are not entirely clear, Mr. Tibbs again asserts that he is entitled to re-sentencing and attaches various records from state

court proceedings.  This court does not have jurisdiction to entertain Defendant's motion.  Before a litigant files a successive application for § 2255 relief in the district court, he must typically move in the appropriate court of appeals for an order authorizing the district court to consider the application.  28 U.S.C. § 2244(b)(3) and § 2255(h); *Felker v. Turpin,* 518 U.S. 651 (1996); *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005); *Carter v. United States,* 405 Fed. App'x 409 (11th Cir. 2010).  Defendant has not obtained authorization from the Eleventh Circuit Court of Appeals to file a successive motion, and therefore, the instant motion to vacate must be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion to vacate pursuant to 28 U.S.C. § 2255 (doc. 450), be **SUMMARILY DISMISSED**, as this court lacks jurisdiction to consider a successive motion absent authorization from the Eleventh Circuit.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 4th day of November, 2014.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case No: 3:91cr3067/LC/CJK; 3:14cv612/LAC/CJK

# **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).